BOROUGH OF BELMAR, DEFENDANT IN CERTIORARI, v. JOB S. BARKALOW, PROSECUTOR IN CERTIORARI.

Argued February, 1902—Decided May 27, 1902.

1. An ordinance requiring the owner or driver of a stage used in the transportation of passengers to obtain a license therefor, is within the authority given to borough councils by the act of April 24th, 1897 (*Pamph. L., p.* 285, § 28), "to license and regulate the use of stages used in the transportation of passengers."
2. An ordinance which directs that a person sentenced to pay a fine for violating it and failing to pay the fine, shall be imprisoned for thirty days, but that the magistrate may in his discretion for such default sentence to imprisonment for a less time, will support a sentence for thirty days.
3. Under section 11 of the Borough act of 1897 (*Pamph. L., p.* 285), irregularities in the proceedings of the borough magistrate may be rectified on the appeal to the Common Pleas.
4. A law requiring that stages used for the transportation of passengers should be licensed, and providing that persons violating the law might be fined $100 or imprisoned for ninety days, does not deny to the drivers of such stages the equal protection of the laws, or subject them to cruel and unusual punishment.

---

On *certiorari.*

Before Justices DIXON and COLLINS.

For the defendant in *certiorari, Halsted H. Wainright.*

For the prosecutor in *certiorari, R. Ten Broeck Stout.*

The opinion of the court was delivered by

DIXON, J.   On complaint that the defendant below had, on May 24th, 1901, driven a stage for the transportation of passengers within the borough of Belmar without having a license, contrary to a borough ordinance, he was convicted before the borough recorder, and on appeal to the Common Pleas of Monmouth county was again convicted, and was there sentenced to pay a fine of $75, and in default of payment, to be imprisoned in the county jail for twenty-nine days.   His conviction is now here on *certiorari* for review.

The first ground of complaint stated in the brief of counsel is that the ordinance requires the owner or driver of a stage, used for the transportation of passengers, to obtain a license therefor, while the statute (*Borough act, Pamph. L.* 1897, *p.* 285, § 28) only authorizes the council "to license and regulate the use of stages" so used.

We think the ordinance is within the statute.   The owner and driver of the stage are the persons chiefly concerned in the making of its use legitimate, and hence it was proper to require one of them to do so by obtaining the license for such use.

The second ground of complaint is that before the recorder the defendant, in default of payment of the fine, was sentenced to be imprisoned for thirty days, the defendant insisting that the ordinance authorized imprisonment only for "less than thirty days."   But such is not the tenor of the ordinance. It expressly authorizes a judgment of imprisonment for thirty days, giving the magistrate discretion to sentence for a less term.   This is within the Borough act as amended in 1900. *Pamph. L., p.* 400, § 2.

Moreover, on the retrial in the Common Pleas, under section 11 of the Borough act of 1897, the imprisonment was reduced to twenty-nine days.   This being a new trial upon the merits (*Vannoy* v. *Givens,* 3 *Zab.* 201; *Barclay* v. *Brab-. ston,* 20 *Vroom* 629), an error in the judgment of the recorder would be unimportant.

The next complaint is that the defendant was charged with violating an ordinance passed in 1898, but was sentenced

under one passed in 1901. In this there was nothing strange, for the ordinance of 1901 was an amendment of the penal section of that of 1898, and a copy of the ordinance as amended, with the dates of both the original and the amendment, was annexed to the complaint and the summons. The defendant had thus full information of the basis of the charge.

The final grounds of complaint, that, by requiring drivers of stages to be licensed, while persons in other occupations need not be, the defendant, as driver of a stage, was denied the equal protection of the laws, and that the penalty imposed was a cruel and unusual punishment, are too frivolous to call for consideration.

The judgment should be affirmed, with costs.